OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The difficulty with petitioner’s position is that the tariff provides both that the company may elect to install more than one service lateral “for reasons of Company economy, conditions on the Company’s distribution system, improvement of service conditions, or magnitude of the Customer’s load” (art III, §5, subd [a]) and that “Upon written application * * * the Company will provide at the Customer’s expense distribution facilities for supply of service, in excess of those normally provided by the Company” (art III, § 5, subd [e]; emphasis supplied). Assuming without deciding that subdivision (a) contemplates installation of additional service laterals without charge for installation or maintenance, it cannot be concluded from the record that Consolidated Edison ever elected between the two tariff provisions, or that there is any basis for estopping it from demanding the installation and maintenance charges for which it asked.
The evidence shows no more than that the Consolidated Edison representative stated that there would be no difficulty in providing additional service laterals for the West Farms Estate project, that on other projects Consolidated Edison had installed additional laterals without charge,[1] that on other projects the project engineer had been sent an application form when there was to be a charge for extra laterals, and that with respect to the West Farms Estate project he never received an application form or a response *864 to his memorandum forwarding a site plan showing the additional points of entry and stating that “If I do not hear from you within a week [June 23] I will assume that they are acceptable.” That evidence spells out no more than does the tariff — that additional laterals could be obtained. It is insufficient to establish an election to make the West Farms Estate installation without charge nor does it rise to the level of an estoppel to make the installation and maintence charges demanded.[2]
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fughsberg and Meyer concur in memorandum.
Order affirmed.

. In this proceeding petitioner made no claim based upon discrimination.

. Though a utility or carrier cannot normally be estopped from enforcing its tariff as filed (Pan Amer. World Airways v Overseas Raleigh Mfg., 51 NY2d 960), it can be argued in the present case that subdivision (a) of the tariff contemplates installation without charge. That being so, Consolidated Edison can, by its conduct, estop itself from relying upon its right under subdivision (e) to charge for such installation.